JOURNAL ENTRY AND OPINION
{¶ 1} Paul Dravis appeals from a judgment of the common pleas court finding him guilty of one count of attempted aggravated vehicular assault, two counts of aggravated vehicular assault and one count of driving under the influence of alcohol pursuant to a plea agreement. On appeal, he assigns the following as error for our review.
 {¶ 2} I. THE TRIAL COURT ERRED IN ACCEPTING APPELLANT'S PLEA OF GUILTY AS IT WAS NOT ENTERED KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY.
 {¶ 3} II. THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S FINDINGS TO SUPPORT OF CONSECUTIVE SENTENCING.
{¶ 4} Having reviewed the record and the legal arguments of the parties, we affirm the judgment of the trial court.
{¶ 5} On November 9, 2000, Dravis was indicted for three counts of aggravated vehicular assault and one count of driving under the influence as a result of a head-on collision when Dravis' vehicle hit another vehicle carrying the victims, Joan Blaha, Ronald Blaha, and their daughter Diane Young. The state amended count one to attempted aggravated vehicular assault and Dravis informed the court he would plead guilty to the amended count one, as well as counts two, three and four as indicted.
{¶ 6} Prior to entering the plea, Dravis' counsel advised the court he had reviewed the agreement with Dravis and believed Dravis would be entering the plea agreement knowingly, intelligently and voluntarily, with a full understanding of his rights and the sentencing consequences that could follow. The constitutional rights requiring strict compliance are contained in Crim.R. 11(C)(2)(c).[1] The court engaged in the following dialogue with Dravis:
{¶ 7} * * *
 {¶ 8} THE COURT: Do you understand that by entering your plea of guilty, that you are waiving or giving up certain constitutional rights?
{¶ 9} THE DEFENDANT: Yes.
 {¶ 10} THE COURT: Let me know you understand those rights by saying yes to the questions I ask you.
 {¶ 11} You understand that you have a right to a trial by jury or by a judge?
{¶ 12} THE DEFENDANT: Yes.
 {¶ 13} THE COURT: You have a right to call witnesses to appear and testify on your behalf.
{¶ 14} THE DEFENDANT: Yes.
 {¶ 15} THE COURT: You have a right to have the State prove your guilt beyond a reasonable doubt.
{¶ 16} THE DEFENDANT: Yes.
 {¶ 17} THE COURT: You have a right not to testify at trial and no one may use your silence against you.
{¶ 18} THE DEFENDANT: Yes.
 {¶ 19} THE COURT: Has anyone made any threats or promises in order to get you to change your pleas this morning?
{¶ 20} THE DEFENDANT: No.
 {¶ 21} THE COURT: Are you currently on probation or parole in any other case?
{¶ 22} THE DEFENDANT: No.
 {¶ 23} THE COURT: You understand that legally the Court could proceed to sentence you after accepting your plea?
{¶ 24} THE DEFENDANT: Yes.
{¶ 25} * * *
 {¶ 26} The court accepted the guilty plea and sentenced Dravis to one year for attempted aggravated vehicular assault, five years for the aggravated vehicular assault against Joan Blaha, four years for the aggravated vehicular assault against Diane Young, and six months for the DWI, to run concurrent with the felonies. The court stated counts one, two, and three shall run consecutive to each other. {¶ 27} Crim.R. 11(C) provides:
{¶ 28} * * *
 {¶ 29} (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and:
{¶ 30} * * *
 {¶ 31} (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment sentence.
{¶ 32} * * *
{¶ 33} The rights specified under Crim.R. 11(C)(2)(b) are non-constitutional rights. Here, Dravis complains he was not adequately informed of the nature of his offenses or the penalties they carried. Since he complains of a non-constitutional right, the standard of review is substantial compliance.[2] It requires an appellate court to review the totality of the circumstances and determine whether the plea hearing was in substantial compliance with Crim.R. 11(C).[3] Substantial compliance with Crim.R. 11(C) requires the trial court to engage the defendant on the record in a "reasonably intelligible" dialogue.[4]
Under this standard of review, "it is not always necessary that the trial court advise the defendant of the elements of the crime, or to specifically ask the defendant if he understands the charge, so long as the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge."[5] Typically, the trial court is able to ascertain whether a defendant comprehends the nature of the charges and the consequences of a guilty plea through an oral dialogue with the defendant.[6]
{¶ 34} In this regard, the court stated to Dravis:
 {¶ 35} THE COURT: Let's go over what the State would ask you to do. They'll amend Count One from aggravated vehicular assault to attempted aggravated vehicular assault, which would bring it down to a felony of the fourth degree. It starts as a third degree as indicted.
 {¶ 36} They asked you to plead to aggravated vehicular assault in Count Two and Three. Those are both felonies of the third degree. They ask you to plead to DUI, driving under the influence, which is a misdemeanor of the first degree as indicted.
{¶ 37} Are you with me so far?
{¶ 38} THE DEFENDANT: Yes.
 {¶ 39} THE COURT: Let's go over potential penalties. Count One as amended now, the attempt statute has been added, is a felony of the fourth degree with six to eighteen months — the Court can choose any one of those months — up to $5,000.00 in fines, a mandatory driver's license suspension of one to five years, and subject to, I think, community control, potentially.
{¶ 40} * * *
 {¶ 41} THE COURT: * * * A felony of the third degree is one to five years. The Court can choose any one of those years. Whatever I choose, Mr. Dravis, is mandatory time. There is no judicial release; understand that?
{¶ 42} THE DEFENDANT: Yes.
 {¶ 43} THE COURT: There is a mandatory license suspension of two to ten years at the Court's discretion; do you understand that?
{¶ 44} THE DEFENDANT: Yes.
 {¶ 45} THE COURT: Up to $10,000.00 in fines on those. Restitution has been asked by the State.
 {¶ 46} Let's go over the DUI. It's up to six months in County Jail, up to $1,000.00 in fines. It's between 250 and $1,000.00. There is a license suspension of 180 days to three years on that, okay?
{¶ 47} THE DEFENDANT: Yes.
 {¶ 48} THE COURT: Mr. Dravis, do you understand me so far?
{¶ 49} THE DEFENDANT: Yes.
{¶ 50} * * *
{¶ 51} The court then explained post-release control. It is clear from the above dialogue the court fully explained Dravis' constitutional rights and the charges against him with the corresponding penalties. We conclude Dravis entered a guilty plea knowingly, voluntarily and intelligently. Therefore, this assignment of error is overruled.
{¶ 52} In his second assignment of error, Dravis alleges the record does not support the trial court's imposition of consecutive sentences.
{¶ 53} R.C. 2929.19(B)(2)(c) requires the trial court to make a finding that gives its reasons for selecting the sentence if it imposes consecutive sentences under R.C. 2929.14.
{¶ 54} Further, R.C. 2929.14(E)(4) provides in part:
 {¶ 55} If multiple terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 56} (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
 {¶ 57} (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 58} (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
{¶ 59} Here, the court imposed consecutive sentences with respect to the felony charges of attempted aggravated vehicular assault and aggravated vehicular assault. On the record, the court stated the following:
{¶ 60} THE COURT: * * *
 {¶ 61} The Court must make a finding in the record that consecutive terms are imposed because this is necessary to protect the public, this is the fourth DWI, and punish the offender.
 {¶ 62} It's not disproportionate to the conduct and danger he poses and demonstrated in this case in the following:
 {¶ 63} Harm in this case is so great and unusual that a single term does not adequately reflect the seriousness of his conduct, and the offender's criminal history shows consecutive terms are needed to protect the public.
{¶ 64} * * *
{¶ 65} Based on the foregoing, it is clear the court made the requisite findings in order to impose consecutive sentences. In this case, the court not only used the statutory language, but very carefully explained its reasoning behind the findings. Therefore, this assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., and DIANE KARPINSKI, J., CONCUR.
[1] State v. Clark 2002 Ohio App. LEXIS 20, (Jan. 3, 2002), Cuyahoga App. No. 79386.
[2] Clark, supra.
[3] E.g. State v. Stewart (1977), 51 Ohio St.2d 86, 92-93,364 N.E.2d 1163; State v. Rivers 1997 Ohio App. LEXIS 308, (Jan. 30, 1997), Cuyahoga App. No. 70385.
[4] See, e.g., State v. Ballard (1981), 66 Ohio St.2d 473,423 N.E.2d 115.
[5] State v. Rainey (1982), 3 Ohio App.3d 441, 446 N.E.2d 188.
[6] State v. Caudill (1976), 48 Ohio St.2d 342, 358 N.E.2d 601, paragraph two of the syllabus.